IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNOR CAPASSO | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF NEW HAVEN, NEW HAVEN | ) | |
| POLICE DEPARTMENT AND YALE NEW | ) | |
| HAVEN HOSPITAL | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JUNE 6, 2018 |

## COMPLAINT

Plaintiff Connor Capasso ("Plaintiff" or "Mr. Capasso") by and through his attorneys, Peterson Zamat, LLC, brings this civil action against Defendants City of New Haven ("New Haven"), New Haven Police Department ("New Haven Police"), and Yale New Haven Hospital ("Yale New Haven Hospital" or the "Hospital") (collectively, "Defendants").

## NATURE OF THE ACTION

1. This matter arises from an incident that occurred on or around November 6, 2017 while Plaintiff was a patient at Yale New Haven.

2. Mr. Capasso sustained injuries while being treated at the Saint Raphael Campus of Yale New Haven Hospital as a result of excessive force used against him by approximately seven to nine New Haven Police officers and Protective Services agents from the Hospital, all whom were acting in their individual and/or official capacity in the performance of their duties, and within the scope of their employment as law enforcement officers. Said officers and agents were acting under the color of state law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the United States and State of Connecticut.

1

3. Individuals employed by the Protective Service Department of Yale New Haven Hospital, all whom were acting in their individual and/or official capacity in the performance of their duties, and within the scope of their employment, simultaneously with New Haven Police, used excessive force against Mr. Capasso, causing him to sustain injuries.

4. This is a civil action for violations of Plaintiff's civil rights, secured and protected by the Civil Rights Act of 1871, 42 U.S.C. §1983, and the Fourth, Eighth, and/or Fourteenth Amendments of the United States Constitution, and Article One §§7, 8, 9, and/or 20 to the Connecticut Constitution, as well as the common and statutory laws of the State of Connecticut, against Defendants, for which he seeks damages, attorneys' fees, and costs.

5. Statutory notice of Mr. Capasso's civil rights claims against the Defendants and intention to bring this action was sent via certified mail to the New Haven Clerk pursuant to §§7-465 and 52-557n of the Connecticut General Statutes, on or around March 27, 2018, a copy of which is attached hereto as **Exhibit A**.

## PARTIES

6. Mr. Capasso is a resident of Woodbridge, Connecticut.

7. New Haven is a municipality created and existing as a political subdivision of the State of Connecticut pursuant to the laws of the State of Connecticut and acting at all pertinent times herein through its duly authorized agents, employees and/or representatives.

8. Yale New Haven Hospital is a 1,541-bed hospital located in New Haven, Connecticut.

9. New Haven Police is a law enforcement agency for New Haven.

10. At all relevant times described herein, Defendants individually and/or in concert, were acting with deliberate indifference and under the totality of the circumstances, objectively unreasonably, with regard to the health, safety, wellbeing and/or rights of the Mr. Capasso.

11. At all relevant times described herein, under the totality of the circumstances, the actions of all Defendants, individually and/or in concert, were objectively unreasonable and/or were carried out with the conscious disregard for the health and safety of the Mr. Capasso.

12. At all relevant times described herein, Defendant New Haven Police and Yale New Haven Hospital Protective Services acted jointly and in concert with each other and each such individual had the duty and reasonable opportunity to intervene to protect Mr. Capasso from the negligent, reckless, willful, knowing, unconstitutional and/or deliberately indifferent acts of the other Defendants, as described herein, but each Defendant failed and/or refused to perform such duty, despite such reasonable opportunity to do so, as it arose, thereby proximately causing the injuries and losses complained of herein.

## JURISDICTION

13. Jurisdiction and venue is predicated upon 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

## COUNT ONE
### VIOLATIONS OF RIGHTS SECURED BY 42 U.S.C. § 1983 AND THE FOURTH, EIGHTH AND/OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION DUE TO USE OF UNREASONABLE AND EXCESSIVE FORCE
*(Against New Haven Police)*

14. Paragraphs 1-12 are incorporated herein by reference.

15. On or around November 6, 2017, Mr. Capasso was a patient at the Saint Raphael Campus of Yale New Haven Hospital when, in response to his alleged erratic behavior, he was accosted by approximately seven to nine police officers and Protective Service Agents from the Hospital.

PETERSON ZAMAT LLC
ATTORNEYS & COUNSELORS AT LAW

16. Mr. Capasso was unnecessarily forced to the ground, causing his head to be smashed on the floor and ultimately, he was shot with pepper spray, causing severe injuries.

17. After he was forced to the ground, one of the New Haven Police officers or Protective Service agent from the Hospital cut off Mr. Capasso's airway with his knee and shot him with pepper spray again.

18. Under the totality of the circumstances, Defendant New Haven Police officers, while acting under the color of state law, acted with deliberate indifference and/or objective unreasonableness when they used excessive force on Plaintiff.

19. As a direct result of the Defendants' actions, Mr. Capasso suffered physical injuries to his face, nose, tongue, mouth and head and damages including medical expenses, in violation of his rights as guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

20. The conduct and actions of the New Haven Police and the Yale New Haven Hospital Protective Services, as aforesaid, acting under color of law, was excessive and constituted unreasonable use of force, in violation of Mr. Capasso's Fourth and/or Fourteenth Amendment rights as secured by 42 U.S.C. § 1983.

## COUNT TWO
### VIOLATIONS OF RIGHTS SECURED BY ARTICLE I §§ 7 AND 9 OF THE CONNECTICUT CONSTITUTION
*(Against New Haven Police)*

21. Paragraphs 1-12 are incorporated herein by reference.

22. The conduct and actions of Defendant New Haven Police, as aforesaid, violated Plaintiff's State Constitutional rights as they constituted unreasonable use of force, in direct violation of Plaintiff's rights under Article I §§ 7 and 9 of the Connecticut Constitution.

23.  As a direct result and proximate cause of Defendant New Haven Polices' actions, as aforesaid, Mr. Capasso suffered the aforementioned injuries and related medical expenses.

## COUNT THREE
## NEGLIGENCE UNDER THE COMMON LAW OF CONNECTICUT
*(Against New Haven and New Haven Police)*

24.  Paragraphs 1-12 are incorporated herein by reference.

25.  The officers of Defendant New Haven Police, acting individually and/or in concert with each other as aforesaid, exhibited a lack of reasonable care in so acting in one or more of the following ways:

   a) Their conduct was unreasonable and breached the applicable duty and standard of care that Defendants owed to Plaintiff by failing to take all available measures reasonably necessary to protect his safety, particularly since he was a patient at Yale New Haven and had the right to "safety and security in an environment that offers dignity, including freedom from neglect or mistreatment" as set forth by Yale New Haven Hospital;

   b) Their conduct in instituting use of force, including the use of pepper spray twice against Plaintiff, with no justification or probable cause to do so, exhibited lack of due care in regard to the health, safety and well-being of the Plaintiff;

   c) Defendants applied unreasonable force by unnecessarily forcing Plaintiff to the ground, causing Plaintiff to smash his head on the ground;

   d) After Plaintiff was forced to the ground, Defendants continued to apply unreasonable force when one New Haven Police officer or Hospital Protective Services agent placed his/her knee on Plaintiff's throat and cutting off his air all while Plaintiff was pepper sprayed twice by other New Haven Police officers and/or Hospital Protective Services Agents;

   e) Defendants acted with lack of due care and/or extreme disregard for the safety and well-being of the Plaintiff when New Haven Police officers and/or Hospital Protective Services agents acted to force the Plaintiff to the ground causing him to injure his head and after he was unnecessarily controlled, caused further injury by cutting off his airway with physical force while pepper spraying Plaintiff twice;

   f) Some or all of New Haven Police officers and/or Hospital Protective Services agents at the scene failed to intervene or prevent and/or stop others from using unreasonable force on the Plaintiff, and/or unlawfully seizing him, as aforesaid, although they were in a reasonable position to do so for an extended period of time,

5

    but instead, joined in as seven to nine New Haven Police officers and Hospital Protective Services agents were using unreasonable force during the incident involving Plaintiff;

g) Defendants knew or reasonably should have known or foreseen that their unreasonable and dangerous conduct, as aforesaid, would cause serious injury to Plaintiff.

26. As a direct and proximate result of New Haven Police officers' negligent actions, Plaintiff suffered physical, emotional, and economic injuries.

## COUNT FOUR
### NEGLIGENCE UNDER THE COMMON LAW OF CONNECTICUT
*(Against Yale New Haven Hospital)*

27. Paragraphs 1-12 are incorporated herein by reference.

28. Yale New Haven exhibited a lack of reasonable care in so acting in one or more of the following ways:

a) Yale New Haven Hospital breached the applicable duty and standard of care set forth in its "Patient Rights and Responsibilities" statement, which details a patient's rights during the time an individual is a patient at Yale New Haven. Specifically, Plaintiff had a right to a safe, secure environment that offers dignity, including freedom from neglect or mistreatment;

b) Yale New Haven Hospital breached said duty because Plaintiff became a patient at Yale New Haven to receive care, not become a victim of police brutality. Yale New Haven failed to protect Plaintiff's rights mentioned above in Paragraph 26(a) and abide by its very own standards.

29. As a direct and proximate result of Yale New Havens Hospital's negligent actions, Plaintiff suffered severe injuries.

## COUNT FIVE
### RECKLESS AND/OR WILLFUL CONDUCT UNDER THE COMMON LAW OF CONNECTICUT
*(Against New Haven Police)*

30. Paragraphs 1-12 are incorporated herein by reference.

31. Some or all of the New Haven Police Defendants acted maliciously, recklessly, willfully, with deliberate indifference and/or with conscious disregard for the life, health and well-being of Plaintiff, in derogation of their duties, as follows:

   a) Officers from the New Haven Police unnecessarily forced Plaintiff to the ground and/or smashed his head on the ground, and those Defendants, both those assigned to Yale New Haven and those dispatched to that location, in a pack of up to nine individuals, continued to inflict harm and unnecessary punishment upon Plaintiff who had committed no crime and posed no threat to anyone;

   b) As many as nine New Haven Police officers used excessive force on Plaintiff, despite the fact that the individuals had the knowledge that they were at Yale New Haven's psychiatric ward where Plaintiff was being treated for his condition;

   c) Officers from the New Haven Police failed to intervene to prevent or stop others from reckless and/or willfully violating Plaintiff's Constitutional rights, as aforesaid, although they were in a reasonable position to do so.

32. As a direct result of such reckless, deliberate and/or willful misconduct, as aforesaid, Plaintiff suffered physical, emotional and economic injuries, as set forth more particularly herein.

## COUNT SIX
### ASSAULT AND BATTERY UNDER THE COMMON LAW OF CONNECTICUT
*(Against New Haven Police)*

33. Paragraphs 1-12 are incorporated herein by reference.

34. Some or all of the New Haven Police officers involved in the incident with Plaintiff, separately or in concert, engaged in the following reckless, deliberate, unpermitted, offensive and or/intentional conduct which initially placed Plaintiff in reasonable apprehension of imminent and serious bodily harm, and caused him to suffer from such bodily harm, to wit:

7

a) New Haven Police officers used serious and injurious physical force on Plaintiff while he was helpless, vulnerable, non-combative and/or nonthreatening and merely seeking treatment while a patient at Yale New Haven;

b) New Haven Police officers forced Plaintiff to the ground, causing him to smash his head on the ground, and proceeded to pepper spray him twice while one New Haven Police officer applied significant pressure to Plaintiff's neck resulting in Plaintiff not being able to breathe, despite the fact that he was a patient at a psychiatric ward at Yale New Haven, and posed no threat to anyone at the time New Haven Police attacked him;

c) New Haven Police officers deliberately and/or recklessly forced Plaintiff to the ground causing Plaintiff's head to smash on the ground, and then one of the New Haven Police officers used his/her knee to cut off Plaintiff's airway while other New Haven Police officers pepper sprayed Plaintiff twice.

35. As a direct result of New Haven Police officers' conduct, which constituted assault and battery on him, Plaintiff suffered physical injuries.

## COUNT SEVEN
## LIABILITY OF NEW HAVEN;
## CONN. GEN. STAT. § 52-557n(a)
*(Against New Haven)*

36. Paragraphs 1-12 are incorporated herein by reference.

37. The negligent acts and omissions of some or all of New Haven Police officers occurred while said officers were on duty, in uniform, and/or performing acts within the scope of and in the course of their employment as police officers for New Haven.

38. The negligent conduct of New Haven Police officers as described aforesaid, occurred while said officers were acting as agents and/or employees of New Haven, with a purpose to further the interests of New Haven, as duly authorized.

39. Such negligent conduct of New Haven Police officers subjected Plaintiff to foreseeable imminent harm which in fact, did occur.

40. As a result, New Haven is liable to the Plaintiff under Conn. Gen. Stat § 52-557n(a) for the negligent acts of New Haven Police officers, as agents, employees and/or representatives

that were committed in the course of their employment and the scope of their duties and directly and proximately caused Plaintiff's injuries.

## COUNT EIGHT
## IMDEMNIFICATION OF NEW HAVEN;
## CONN. GEN. STAT. § 7-465
### *(Against New Haven)*

41. Paragraphs 1-12 are incorporated herein by reference.

42. New Haven is legally liable to pay on behalf of the New Haven Police all sums which New Have Police becomes obligated to pay by way of above-mentioned causes of action imposed upon such employees by law for damages awarded for the violation of Plaintiff's common law rights, civil rights and physical damages to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Capasso claims:

1. Monetary damages, including compensatory, actual and/or punitive damages where applicable;

2. Actual, and/or punitive damages, pursuant to 42 U.S.C. § 1983;

3. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as the Court may deem necessary, just and proper.

## JURY CLAIM

Plaintiff demands a trial by jury.

Dated: Fairfield, Connecticut  
      June 6, 2018

PLAINTIFF, CONNOR CAPASSO

By: */s/Michael A. Zamat*
    Michael A. Zamat
    **PETERSON ZAMAT, LLC**
    1275 Post Road, Suite 200-D
    Fairfield, CT 06824
    Telephone: 203.292.9798
    Facsimile: 203.774.1155
    Michael@petersonzamat.com

*Attorneys for Plaintiff, Connor Capasso*

# EXHIBIT A

March 26, 2018

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

NOTICE OF INTENT TO COMMENCE LAWSUIT

To: Michael B. Smart
New Haven City Clerk
200 Orange Street
Room 202
New Haven, CT 06510

  **TAKE NOTICE** pursuant to Connecticut General Statutes §§7-465 and 52-557n and all other pertinent statutory provisions, Mr. Connor Capasso intends to bring an action pursuant to these statutes due to damage to his person and deprivations of his civil rights under the Constitution and laws of the United States and the State of Connecticut sustained as a result of the use of excessive force and other unlawful police action.

  At this time and place, New Haven police officers used excessive force against him, causing multiple injuries. These actions violated the Constitutions and laws of the United States and the State of Connecticut.

**DATE OF INCIDENT**:           NOVEMBER 6, 2017

**TIME OF INCIDENT**:           BETWEEN 5:00 & 6:30 P.M.

**PLACE OF INCIDENT**:          YALE NEW HAVEN HOSPITAL
                        SAINT RAPHAEL CAMPUS
                         1450 CHAPEL STREET
                         NEW HAVEN, CT 06511

**PERSON SUFFERING DAMAGE**:      CONNOR CAPASSO
                         7 ALLING ROAD
                         WOODBRIDGE, CT 06525

**INJURIES**:

  On or around November 6, 2017, Mr. Capasso was a patient at the Saint Raphael Campus of Yale New Haven when, in response to his alleged erratic behavior, he was accosted by approximately seven to nine police officers (some of whom work onsite at Yale New Haven and some who were called to the scene). He was unnecessarily forced to the ground, causing his head to be smashed on the floor and ultimately shot with pepper spray. After he was forced to the ground, one of the police officers cut off Mr. Capasso's airway with his knee and shot him with pepper spray again. Mr. Capasso was being treated at Yale New Haven's psychiatric ward and despite what was perceived as a violent outburst (it was not), he was attacked by those who are charged to protect. The assault was conducted without warning or justification of any kind.

As a result, Mr. Capasso sustained injuries to his head and eyes, along with emotional distress.

### PERSONS RESPONSIBLE FOR DAMAGES:

CITY OF NEW HAVEN

CITY OF NEW HAVEN POLICE DEPARTMENT

YALE NEW HAVEN HOSPITAL

JOHN DOE #1, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #2, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #3, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #4, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #5, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #6, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #7, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #8, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #9, MEMBER OF NEW HAVEN POLICE DEPARTMENT

JOHN DOE #1, MEMBER OF PROTECTIVE SERVICES YALE NEW HAVEN HOSPITAL

JOHN DOE #2, MEMBER OF PROTECTIVE SERVICES YALE NEW HAVEN HOSPITAL

JOHN DOE #3, MEMBER OF PROTECTIVE SERVICES YALE NEW HAVEN HOSPITAL

### ALLEGED VIOLATIONS:

Generally, violations of Mr. Capasso's constitutional rights relating to the unreasonable and excessive use of force, pursuant to the provisions included in the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and to comparable sections of the Connecticut Constitution, including Article 1, Sections 7, 8 and 9. These violations will be prosecuted via Connecticut General Statutes §§7-465 and 52-557n.

Michael A. Zamat
**PETERSON ZAMAT, LLC**
2000 Post Road, Suite 205
Fairfield, CT 06824
Telephone: 203.292.9798
Michael@petersonzamat.com

*Counsel to Connor Capasso*

